IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BA JACOBS FLIGHT SERVICES, LLC, )
an Illinois Limited Liability Company, )
)
    Plaintiff, )
) No. 12 C 2625
    v. )
) Jeffrey T. Gilbert
RUTAIR LIMITED, a/k/a RUTAIR LLC, ) Magistrate Judge
a Jamaica Corporation, and GEORGE )
LEVY, an individual, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

On January 27, 2015, this Court issued a Memorandum Opinion and Order [ECF No.74], granting partial summary judgment in favor of Plaintiff BA Jacobs Flight Services, LLC and against Defendants RutAir Limited and George Levy as to their respective liability under a Lease Agreement and Guaranty Agreement that are the subject of this lawsuit. This matter is before the Court on Plaintiff's Motion for Summary Judgment as to Damages [ECF No.76]. For the reasons set forth below, Plaintiff's Motion is denied.

## I. BACKGROUND

The Court assumes familiarity with the underlying facts of this case and its previous Memorandum Opinion and Order [ECF No.74]. On December 1, 2010, Plaintiff BA Jacobs Flight Services, LLC ("BA Jacobs") entered into a lease agreement (the "Lease Agreement") with Defendant RutAir Limited ("RutAir"), in which BA Jacobs agreed to lease to RutAir a 2010 Cessna Caravan 208B aircraft (the "Aircraft") for a period of five years with monthly rent of $25,000, among other terms. As a condition of BA Jacobs entering into the Lease Agreement, Defendant George Levy ("Levy"), who is the Managing Director of RutAir, signed a personal

1

guaranty (the "Guaranty Agreement"), in which he agreed to guarantee personally RutAir's payments under the Lease Agreement up to $300,000 in the event of a breach of the Lease Agreement, plus attorneys' fees and costs incurred by BA Jacobs in enforcing its rights under the Guaranty Agreement. In this Court's previous Memorandum Opinion and Order, the Court held that RutAir breached the Lease Agreement. *See* [EFC No. 74], at 11. Now the Court must determine what damages, if any, BA Jacobs may recover from RutAir under the Lease Agreement and from Levy under the Guaranty Agreement.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013). In deciding a motion for summary judgment, the court "review[s] the evidence in the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in its favor." *NES Rental Holdings, Inc. v. Steine Cold Storage, Inc.*, 714 F.3d 449, 452 (7th Cir. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party opposing the motion for summary judgment "gets the benefit of all facts that a reasonable jury might find." *Loudermilk v. Best Pallet Co., LLC*, 636 F.3d 312, 314 (7th Cir. 2011). However, the opposing party cannot rely on mere conclusions and allegations to create factual issues. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). Nor can speculation be used "to manufacture a genuine issue of fact." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (citing *Amadio v. Ford Motor Co.*, 238 F.3d 919, 927 (7th Cir. 2001)). A court will grant summary judgment "if no reasonable trier of fact could

find in favor of the non-moving party." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838 (7th Cir. 2012) (internal quotation marks omitted); *Northbound Group, Inc. v. Norvax, Inc.*, 5 F.Supp.3d 956, 966-67 (N.D. Ill. 2013).

### III. ANALYSIS

#### A. The Acceleration Clause in the Lease Agreement Is an Unenforceable Penalty

Section 18 of the Lease Agreement provides, in relevant part:

> Notwithstanding any repossession or other action that Lessor may take, Lessee shall be and remain liable for the full performance of all obligations on the part of Lessees to be performed under the lease and specifically liable for the remaining rent due to Lessor until completion of the lease.

[ECF No.77-1], Ex. A at ¶18. BA Jacobs argues that the terms of the Lease Agreement are clear and unambiguous and that, in the event of a breach, it is entitled to, among other things, the remaining monthly rent payments for the full term of the Lease Agreement. RutAir disagrees and argues that the acceleration clause in the Lease Agreement is an illegal penalty and the Court should not enforce it. Whether a provision for damages is a penalty clause or a valid liquidated damages provision is a question of law rather than fact. *See Weiss v. United States Fidelity & Guaranty Co.*, 300 Ill. 11, 16, 132 N.E. 749, 751 (1921); *M.I.G. Investments Inc. v. Marsala*, 92 Ill. App. 2d 400, 406, 414 N.E.2d 1381, 1386 (2nd Dir. 1981). *See also United Order of American Bricklayers & Stonemasons Union No. 21 v. Thorleif Larsen & Son, Inc.*, 519 F.2d 331 (7th Cir. 1975).

There is no fixed rule applicable to all liquidated damage provisions, and each one must be evaluated on its own facts and circumstances. *See Grossinger Motorcorp, Inc. v. American Nat. Bank and Trust Co.*, 240 Ill. App. 3d 737, 749, 60 N.E. 2d 1337 (1st Dist. 1992). Illinois law recognizes the distinction between a liquidated damages provision and a penalty. *See Lake River Corp. v. Carborundum Co.*, 769 F.2d 1284, 1289 (7th Cir.1985) (collecting Illinois cases).

3

In interpreting provisions that affix the amount of damages in the event of a breach, courts "lean toward a construction which excludes the idea of liquidated damages and permits the parties to recover only actual damages." *Grossinger Motorcorp, Inc.*, 240 Ill. App.3d at 749 (quoting *Arco Bag Co. v. Facings, Inc.*, 18 Ill. App.2d 110, 116 (1st Dist. 1958)).

To be valid under Illinois law, "a liquidation of damages must be a reasonable estimate at the time of contracting of the likely damages from breach, and the need for estimation at that time must be shown by reference to the likely difficulty of measuring the actual damages from a breach of contract after the breach occurs. If damages would be easy to determine then, or if the estimate greatly exceeds a reasonable upper estimate of what the damages are likely to be, it is a penalty." *Lake River*, 769 F.2d at 1289-90 (citation omitted). When the amount set in a liquidated damages clause is not a reasonable estimate of the damages that might flow from the breach of a contractual promise, courts have refused to enforce such clauses on the grounds that they are penalties. *See e.g., Lake River Corp.*, 769 F.2d at 1289-90; *National City Healthcare Finance v. Refine 360, LLC*, 607 F.Supp.2d 881, 884 (N.D. Ill. 2009); *AAR International Inc. v. Vacances Heliades S.A.*, 349 F.Supp.2d 1114, 1116-17 (N.D. Ill. 2004); *General Electric Capital Corp. v. Laser Hair Removal*, 97 F.Supp.2d 1210 (N.D. Ill. 2000); *Grossinger Motorcorp, Inc.*, 240 Ill. App.3d at 750; *Callahan v. Balfour*, 179 Ill.App.3d 372, 534 N.E.2d 565 (1st Dist.1989). "[D]amages must be a specified amount for a specific breach, not a penalty to punish for nonperformance or as a means to secure performance." *Grossinger Motorcorp, Inc.*, 240 Ill. App.3d at 750 (citation omitted).

In the instant case, the Court finds that the acceleration clause in the Lease Agreement is an unenforceable penalty because the Lease Agreement does not take into account the effect of the early recapture of the leased Aircraft, which BA Jacobs subsequently has sold. Because BA

Jacobs no longer owns the Aircraft and does not have any financial obligations related to the Aircraft, the acceleration clause in the Lease Agreement obligating RutAir to pay the remaining monthly rent payments for the remainder of the term of the Lease Agreement, which would amount to $1,400,000.00 for the 56 additional months of the term, would create a windfall for BA Jacobs.

>Section 356(1) of the Restatement (Second) of Contracts provides, in part:

>(1) Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonable are liquidated damages is unenforceable on grounds of public policy as a penalty.

Restatement (Second) of Contracts § 356 (1979); *see also Grossinger Motorcorp. Inc.*, 240 Ill.App.3d at 749. The Court finds that the losses to BA Jacobs are calculated easily, and that the liquidated damages allowed for in the Lease Agreement do not approximate the actual damages in this case. While actual damages may include, among other damages, loss of the monthly rent payments after the Aircraft was repossessed but prior to it being sold, once the Aircraft is sold, BA Jacobs no longer has the carrying costs of the equipment and recovering all of the monthly rent payments would be a windfall for BA Jacobs. This creates an incentive to default RutAir, repossess and sell the Aircraft as soon as possible, and collect the remaining lease payments anyway.

Given the failure to account for early recapture and sale of the Aircraft in the Lease Agreement, the Court finds that the acceleration clause is an unenforceable penalty, and Plaintiff's Motion for Summary Judgment on Damages is denied.

## B. Calculation of Actual Damages

Notwithstanding the fact that this Court has found the acceleration clause unenforceable, BA Jacobs still is entitled to recover its actual damages. Illinois law seeks to place the non-breaching party in as satisfactory a position as it would have been had the breach not occurred and had the contract been performed. *See Equity Insurance Managers of Illinois, LLC v. McNichols*, 324 Ill.App.3d 830, 837, 755 N.E.75, 80 (1st Dist. 2001).

In its Motion, BA Jacobs states that at the time it repossessed the Aircraft on April 2, 2011, RutAir owed BA Jacobs $71,364.97, which amount consisted of pilot fees, airfare engine reserve fees, delivery charges, late fees, rent, maintenance, and postage. BA Jacobs LR 56.1(a) Statement of Facts [ECF No. 77], at ¶ 17. RutAir disputes that the Aircraft was repossessed on April 2, 2011, and instead asserts that the Aircraft was repossessed on March 30, 2011. RutAir and Levy LR 56.1(b) Response to BA Jacobs' Statement of Facts [ECF No. 80], at ¶17. RutAir also disputes that the outstanding balance it owed BA Jacobs at the time of repossession was $71,364.97, and asserts that it was "about $46,000." *Id.* These are disputed questions of a material fact.

BA Jacobs also has presented evidence that it suffered damages after it repossessed the Aircraft and attempted to mitigate its losses, and that it suffered losses from the sale of the Aircraft. BA Jacobs LR 56.1(a) Statement of Facts [ECF No. 77], at ¶¶ 18-20. These alleged damages also can be quantified easily. While some of these amounts are in dispute, which prevents resolution on Plaintiff's Motion for Summary Judgment on Damages, these damages can be quantified and the Court can resolve any disputed issues of fact at an evidentiary hearing.

## C. Damages under the Guaranty Agreement

This Court previously entered summary judgment as to Levy's personal liability under the Guaranty Agreement. The Guaranty provides, in relevant part:

> The Guarantor agrees that upon any default of the Lease in payment of the Lessee's indebtedness to the Lessor or any part thereof, the Guarantor will pay to the Lessor, upon demand, the entire amount of the Indebtedness of the Lessee to the full extent if this Guaranty . . . . The liability of the Guarantor under this Guaranty shall not exceed the total sum of one year's rental payments, being the sum of $300,000, as provided in the Agreement, plus interest and any costs, including attorney fees, that may be incurred in enforcing the payment of the Indebtedness of the Lessee against the Guarantor, whether or not suit or action is instituted.

[ECF No.77-4], Ex. D at §1. The Guaranty Agreement creates a separate remedy under which BA Jacobs can seek recovery of its damages.

Neither RutAir nor Levy asserted any argument with respect to damages recoverable against Levy under the Guaranty Agreement in their response to Plaintiff's Motion for Summary Judgment as to Damages. Therefore, under the plain terms of the Guaranty Agreement, BA Jacobs is entitled to recover up to $300,000, in damages from Levy plus any interest, costs and attorneys' fees, including any fees and costs incurred in enforcing any judgment.

## D. Attorneys' Fees and Costs

The Lease Agreement also provides for the recovery of attorneys' fees and costs to the prevailing party in the event a lawsuit is commenced to enforce the terms of the Lease Agreement. Specifically, Section 19 provides, in relevant part:

> In the event any suit or action is brought under this Lease to enforce any of its terms, or in any appeal therefrom, it is agreed that the prevailing party shall be entitled to reasonable attorneys' fees, costs and expenses to be fixed by the trial court and/or appellate court.

[ECF No.77-1], Ex A at §19. BA Jacobs has asserted that it has incurred attorneys' fees and costs of $52,185.61, to date and it seeks future fees and costs it will incur in enforcing any

7

judgment entered herein. Based on the terms of the Lease Agreement and Guaranty Agreement, BA Jacobs is entitled to recover its reasonable attorneys' fees and costs, which can be determined after an evidentiary hearing in this matter.

## IV. CONCLUSION

For all of the reasons discussed in the Court's Memorandum Opinion and Order, Plaintiff BA Jacobs' Motion for Summary Judgment as to Damages is denied [ECF No.76]. This case is set for a status hearing on December 15, 2015, at 10:45 a.m. to discuss scheduling a date for an evidentiary hearing to determine BA Jacobs' actual damages resulting from RutAir's breach of the Lease Agreement.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 8, 2015