IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BA JACOBS FLIGHT SERVICES, LLC, an Illinois Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> RUTAIR LIMITED, a/k/a RUTAIR LLC, a Jamaica Corporation, and GEORGE LEVY, an individual, <br><br> Defendants. | No. 12 C 2625 <br><br> Jeffrey T. Gilbert <br> Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

The Court assumes familiarity with, and incorporates by reference, the underlying facts and conclusions set forth in its previous Memorandum Opinions and Orders in this case. *See* [ECF Nos. 74, 88, 116]. This dispute arises out of a lease agreement (the "Lease") entered into between Plaintiff BA Jacobs Flight Services LLC ("BA Jacobs") and Defendant RutAir Limited ("RutAir") in December 2010. BA Jacobs leased a new 2010 Cessna Caravan 208B airplane (the "Aircraft") to RutAir. Defendant George Levy ("Levy") signed a guaranty ("the Guaranty") pursuant to which he personally guaranteed RutAir's Lease payments up to $300,000 in the event of a breach of the Lease, and agreed to pay attorneys' fees and costs incurred by BA Jacobs in enforcing its rights under the Guaranty. The Court already has held that RutAir breached the Lease and that Levy is liable on his Guaranty, and it awarded damages against both RutAir and Levy consequent to the breach after a bench trial. [ECF Nos. 74, 116].

The Court concluded that BA Jacobs is entitled to damages of $400,245, plus prejudgment interest and attorneys' fees and costs. *See generally BA Jacobs Flight Services, LLC v. RutAir Limited a/k/a RutAir LLC*, 2017 WL 277913 (N.D. Ill. Jan. 20, 2017) [ECF No.

1

116]. The Court ordered the parties to confer in good faith and attempt to reach agreement on the amount of prejudgment interest and attorneys' fees and costs to be awarded. They were unable to resolve those issues. The Court, therefore, set a briefing schedule on the issues of prejudgment interest and BA Jacobs's request for attorneys' fees. The parties have filed their briefs, and this matter is now before the Court on Plaintiff's Motion for Prejudgment Interest and Attorneys' Fees and Expenses [ECF No. 119].

## ANALYSIS

### I. Prejudgment Interest

As an initial matter, RutAir is fundamentally mistaken in its presumption that the question of whether to award prejudgment interest is an open question yet to be resolved. It is not. An award of prejudgment interest is left to the sound discretion of the district court. *See United States v. Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill.*, 983 F.2d 790, 799 (7th Cir. 1993). In its most recent Memorandum Opinion and Order issued January 20, 2017, the Court concluded that "BA Jacobs is entitled to prejudgment interest and that such an award is appropriate given the facts and circumstances of this case." *BA Jacobs Flight Services, LLC*, 2017 WL 277913, at *5. At this point, that is the law of the case, and the Court sees no reason to revisit its earlier conclusion.

In addition, RutAir's argument that the Court should deny BA Jacobs's request for prejudgment interest was not made earlier and is waived. In fact, in earlier briefing, RutAir specifically cited the Illinois Interest Act and acknowledged that BA Jacobs "is entitled to a 5% interest on the amount owed from the date the Lease was breached." RutAir's Prehearing Memorandum, [ECF No. 95, at 6]. RutAir now cannot argue differently. Therefore, there is no question that BA Jacobs is entitled to prejudgment interest at the rate of 5% pursuant to the

2

Illinois Interest Act, 815 ILCS 205/2. The only question regarding prejudgment interest to be resolved is from what date the interest should be calculated.

It is not disputed that RutAir owed BA Jacobs unpaid monthly rent and other fees pursuant to the Lease prior to BA Jacobs repossessing the Aircraft at the beginning of April in 2011. BA Jacobs also continued to incur substantial money damages after BA Jacobs repossessed the Aircraft in April 2011, and late fees continued to accrue for the past due monthly rent payments until the Aircraft was sold in February 2012. In the Court's view, the amount due and owing to BA Jacobs pursuant to the Lease, therefore, became a fixed amount as of the date the Aircraft was sold in February 2012. The Court will use February 1, 2012, as the start date for the accrual of prejudgment interest as to the Lease.

As to the Lease, BA Jacobs asserts that based on a damages award of $400,245, at a rate of 5% per annum, the interest is $20,012.25 per year. For the five-year period of February 1, 2012 through February 1, 2017, the total interest is $100,061.25. BA Jacobs submits that interest runs at a rate of $54.82 per day for each day running from February 2, 2017, until the date judgment is entered, which is $5482. Although RutAir argued that prejudgment should not be awarded at all (an argument the Court rejected above), it does not dispute the prejudgment interest calculations submitted by BA Jacobs.

The Court also is not persuaded by any of Levy's arguments that prejudgment interest should not be awarded on the Guaranty. For the first time, Levy argues that the Guaranty is a separate contract and does not expressly provide for the recovery of prejudgment interest, and prejudgment interest, therefore, should not be awarded on the Guaranty. The Court disagrees. As previously cited above, the award of prejudgment interest is left to the sound discretion of the district court. *See Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill.*, 983 F.2d at 799.

The Court finds that an award of prejudgment interest is appropriate in this case against RutAir for breach of the Lease and against Levy on the Guaranty. As the Court noted previously, "BA Jacobs has waited a long time to recover its losses. There is a time value of money, and the Court finds that BA Jacobs is entitled to prejudgment interest and that such an award is appropriate given the facts and circumstances of this case." *BA Jacobs Flight Services, LLC*, 2017 WL 277913, at *5. That statement, made with respect specifically to RutAir's default under the Lease, is equally applicable to Levy and his Guaranty of the amount due under the Lease.

Levy had numerous opportunities to challenge BA Jacobs's argument regarding an award of prejudgment interest. He raised no such challenge. The amount recoverable by BA Jacobs pursuant to the Guaranty is easily calculated given that the specific amount of $300,000 was agreed to by the parties as set forth in the Guaranty, and the Illinois Interest Act, 815 ILCS 205/2, specifically provides for the recovery of prejudgment at a rate of 5% per annum. As explained above, the recent briefing schedule set for the parties on prejudgment interest was not an invitation to RutAir or Levy to argue that an award of prejudgment interest should be denied or limited. The Court already concluded that an award of prejudgment interest is appropriate in this case. Again, the only matter at issue is how to calculate the prejudgment interest.

As to the Guaranty, the Court concluded that Levy is liable for $300,000 pursuant to the Guaranty. At 5% per annum, BA Jacobs submits that interest accrues at the rate of $15,000 per year for a total of $75,000, from February 1, 2012 through February 1, 2017, and that prejudgment interest then continues to accrue at a rate of $41.09 per day from February 2, 2017, until judgment is entered, which amounts to $4109. Levy also does not dispute these calculations.

In summary, based on the calculations submitted by BA Jacobs, and not challenged by either RutAir or Levy, the Court awards a total of $105,543.25 in prejudgment interest against RutAir and $79,109 in prejudgment interest against Levy.

**II. Attorneys' Fees**

BA Jacobs also seeks $97,088.21 in attorneys' fees and costs. RutAir argues that the Court should reduce the amount of attorneys' fees owed for breach of the Lease to $60,000 on the ground that BA Jacobs's fees are excessive. Additionally, Levy argues that the Court should limit the amount of attorneys' fees allocable to him under the Guaranty because "the amount of attorneys' fees allocable to the Guaranty should be limited to the percent of the total value of the Lease that the Guaranty guarantees." Defendants' Resp. [ECF No. 120, at 7]. In a late supplemental brief filed by Levy without leave of Court, Levy asserts a more general argument that he is not responsible for any attorneys' fees incurred by BA Jacobs because he did not contest liability under the Guaranty. The Court is not persuaded by any of Defendants' arguments and will address each in turn.

Generally, a party is responsible for its own attorneys' fees. *Abdul–Karim v. First Federal Savings & Loan Ass'n of Champaign,* 101 Ill.2d 400, 412, 462 N.E.2d 488, 493 (1984). An exception exists when a contract provides for an award of attorneys' fees. *Mirar Development, Inc. v. Kroner,* 308 Ill.App.3d 483, 488, 720 N.E.2d 270, 274 (1999). Contractual provisions that allow for an award of attorneys' fees must be strictly construed, and the court must determine the intention of the parties regarding the payment of attorneys' fees. *Mirar Development, Inc.,* 308 Ill.App.3d at 488, 720 N.E.2d at 274. A party can be considered a "prevailing party" for the purposes of awarding fees when it is successful on any significant issue in the action and achieves some benefit in bringing suit, receives a judgment in its favor, or

by obtaining an affirmative recovery. *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.*, 240 Ill.App.3d 737, 753, 607 N.E.2d 1337, 1348 (1993).

Both the Lease and the Guaranty specifically provide for the recovery of attorneys' fees pursuant to Section 19 of the Lease and Sections 1 and 20 of the Guaranty. RutAir argues that the attorneys' fees sought by BA Jacobs are excessive because Defendants only have incurred $60,000 in fees. As BA Jacobs points out, however, Defendants' current counsel was retained well-after this litigation had started, and the total of $60,000 in fees incurred by Defendants' current counsel does not account for the attorneys' fees paid or owed to Defendants' prior counsel. This kind of a conclusory argument to reduce the attorneys' fees without more is not sufficient for Defendants to challenge the attorneys' fees sought by BA Jacobs. Although the total amount of money Defendants have paid their attorneys is not irrelevant to an assessment of whether BA Jacobs's lawyers' fees are reasonable, this is not a flat dollar-for-dollar analysis.

The question is whether the attorneys' fees sought by BA Jacobs are reasonable. In the absence of an express provision for the amount of fees, under a general contract providing for attorneys' fees, an attorney is entitled to be paid for the services rendered as shown by the evidence. *Alton Banking & Trust Co. v. Schweitzer*, 121 Ill.App.3d 629, 635, 460 N.E.2d 105, 109 (1984). The determination of reasonableness is a matter for the trial court's discretion. *Mercado v. Calumet Federal Savings & Loan Ass'n*, 196 Ill.App.3d 483, 493, 554 N.E.2d 305, 312 (1990). The party seeking attorneys' fees, therefore, has the burden of presenting the court with sufficient evidence from which it can determine the reasonableness of the fees. *Mercado*, 196 Ill.App.3d at 493, 554 N.E.2d at 312. Attorneys' fees may be reasonable even if the fees are disproportionate to the monetary amount of an award. In determining the reasonableness of the fee, a court may look to various factors including: (1) the skill and standing of the attorney, (2)

the nature of the case, (3) the novelty of the issues involved, (4) the significance of the case, (5) the degree of responsibility required, (6) the customary charges for comparable services, (7) the benefit to the client, and (8) the reasonable connection between the fees sought and the amount involved in the litigation. *Mercado,* 196 Ill.App.3d at 493, 554 N.E.2d at 312.

In this case, counsel for BA Jacobs filed affidavits in support of their request for attorneys' fees and submitted the time sheets and invoices for the actual work performed for *in camera* review. Counsel for BA Jacobs submitted the detailed invoices and time sheets itemizing the work performed, the time expended, the identity of the attorney providing the legal services and the hourly rate. The Court finds that the work performed and the hourly rate charged in this case is reasonable. The Court specifically notes the reasonableness of the hourly rate charged to BA Jacobs for the services performed by counsel. Counsel for BA Jacobs represented that the attorneys' fees associated with the services performed in this case were reduced in light of the longstanding relationship between counsel and their client. The Court finds that there is no justification for a reduction in the award of attorneys' fees in this case. The fact that the Court did not award all of the damages BA Jacobs sought is not a basis for a reduction in the award of attorneys' fees.

The Court also is not persuaded by Levy's arguments. In his supplemental filing, Levy argues that BA Jacobs is not entitled to recover any attorneys' fees under the Guaranty because he did not contest liability. The Court again disagrees. In order to recover anything under the Guaranty, BA Jacobs first had to prove liability under the Lease and recover damages from RutAir for breach of the Lease. The attorneys' fees expended to establish liability and damages under the Lease are inextricably intertwined with recovery on the Guaranty. Without pursuing in the first instance RutAir for breach of the Lease, there would be no recovery against Levy under

the Guaranty. Levy has been aware from the beginning of this case that BA Jacobs was seeking to recover under the Lease and on his Guaranty. He never offered to pay the amount that would be due under his Guaranty if BA Jacobs prevailed against RutAir under the Lease.

Levy also argues that that the Court should limit the amount of attorneys' fees allocable to him under the Guaranty because his liability for the attorneys' fees should be proportional to the damages BA Jacobs ultimately recovered, which were substantially less than what BA Jacobs initially sought. There is nothing in the Guaranty, however, that says the amount of attorneys' fees recoverable under the Guaranty should be limited to a percent of the amount recovered for breach of the Lease and/or to a percent of the damages BA Jacobs ultimately recovered against RutAir. If Levy had wanted to so limit his liability, he should have specifically included such language in his Guaranty. He did not do so, and his attempt now to re-write the Guaranty has no proverbial leg on which to stand.

The Court is not persuaded by the case cited by Levy, in which the Illinois Appellate Court held that the amount of money sought for attorneys' fees and costs "cannot exceed the percentage that the principal amount of the guaranty bears to the total amount of the debt which is sought to be collected." *Brzozowski v. Northern Trust Co.*, 248 Ill. App. 3d 95, 104 (Ill. 1st Dist. 1993). That case is distinguishable. In *Brzozowski*, the appellate court found that the defendant bank, which was seeking to recover its fees, was overreaching because it had collected most of its damages by attaching funds on deposit with it at the time the dispute arose and, therefore, there were not significant damages to be recovered in the lawsuit. The court did not believe it should assess the entire amount of attorneys' fees sought by the bank given the fractional amount of damages in dispute at the time the case was filed. At base, that was a

reasonableness analysis, and the court found that the fees being requested were not reasonable under those circumstances.

This case is different. The Court has awarded BA Jacobs $400,245 in damages. That is the entire amount the Court determined BA Jacobs is due under the Lease. All of the work performed by counsel for BA Jacobs was reasonable and necessary to establish liability under the Lease, which RutAir disputed, and prove up BA Jacobs's damages. RutAir is liable under the Lease and, pursuant to the Guaranty, Levy agreed to pay up to $300,000 of the amount due to BA Jacobs under the Lease and also agreed to pay the attorneys' fees and costs associated with BA Jacobs's enforcement of these obligations. Although BA Jacobs did not recover every dollar it sought from RutAir, it recovered in this lawsuit every dollar it was due for breach of the Lease, and it would have recovered nothing from RutAir had it not filed the lawsuit.

In summary, the Court awards BA Jacobs $97,088.21 in attorneys' fees and costs, in addition to the damages awarded against RutAir under the Lease and against Levy under the Guaranty. BA Jacobs can recover the total award of attorneys' fees and costs against either RutAir or Levy as they are jointly and severally liable for the fees and costs.

## CONCLUSION

For all the reasons discussed in the Court's Memorandum Opinion and Order, the Court awards Plaintiff BA Jacobs Flight Services, LLC $105,543.25 in prejudgment interest for breach of the Lease, $79,109 in prejudgment interest as to the Guaranty, and $97,088.21 in attorneys' fees and costs. As to Defendant RutAir Limited, judgment is entered in the amount of $505,788.25, plus $97,088.21 in attorneys' fees. As to Defendant George Levy, judgment is entered in the amount of $379,109, plus $97,088.21 in attorneys' fees. This is a final and appealable order. Civil case terminated.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: May 12, 2017